Sylvia Santos
339 Las Flores Ter.
San Diego, CA. 92114
(619) 426-4475



**FILED**

Mar 08 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ Lillianac          DEPUTY

In Pro Per

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

SYLVIA SANTOS,                        )      CASE NO.:  '18 CV 0506 LAB MDD
                                      )
              Plaintiff,              )      (VERIFIED) COMPLAINT FOR VICARIOUS
                                      )      LIABILITY; AGGRAVATED
VS.                                   )      ASSAULT AND BATTERY;
                                      )      VIOLATION OF THE RALPH ACT,
                                      )      CCC SECTION 51.7; 52;
OFFICE DEPOT, INC., DOES 1-100,       )      DEFAMATION.
 et al.,                              )      REQUEST FOR RELIEF;
                                      )
              Defendants.             )      DEMAND FOR JURY TRIAL
——————————————————————————)

Plaintiff, SYLVIA SANTOS, alleges:

### I.
### FIRST CAUSE OF ACTION
### VICARIOUS LIABILITY

1. Plaintiff now is, and at all times relevant to this action was, a citizen and
   resident of the City of San Diego, San Diego County, residing at 339 Las
   Flores Ter., San Diego, California, 92114.

1

Sylvia Santos
339 Las Flores Ter.
San Diego, CA. 92114
(619) 426-4475


In Pro Per


**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SYLVIA SANTOS, | ) | **CASE NO.:** |
| | ) | |
| Plaintiff, | ) | **(VERIFIED) COMPLAINT FOR VICARIOUS** |
| | ) | **LIABILITY; AGGRAVATED** |
| VS. | ) | **ASSAULT AND BATTERY;** |
| | ) | **VIOLATION OF THE RALPH ACT,** |
| | ) | **CCC SECTION 51.7; 52;** |
| OFFICE DEPOT, INC., DOES 1-100, | ) | **DEFAMATION.** |
| et al., | ) | **REQUEST FOR RELIEF;** |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |

Plaintiff, SYLVIA SANTOS, alleges:

## I.
## FIRST CAUSE OF ACTION
## VICARIOUS LIABILITY


1. Plaintiff now is, and at all times relevant to this action was, a citizen and
   resident of the City of San Diego, San Diego County, residing at 339 Las
   Flores Ter., San Diego, California, 92114.

1

2. Defendant ALBERTO CASTELLANOS, is the party who committed the Aggravated Assault and Battery and during the investigation, physical address is 8518 Innsdale Ln., San Diego, California, 92114, and at the time he committed Battery on the Plaintiff, he was an employee, Manager on duty the Office Depot, Inc., location as per his statement at the time he committed the Battery on the Plaintiff, in violation of the Ralph Act, CCC Section 51.7 and 52; the Modern Penal Code Section 211.(2)-Aggravated Assault Battery.

3. Defendants, Office Depot, Inc., is the corporation where the Plaintiff was Battered and injured, and according to the Office of the Secretary of State, Business Search, Office Depot, Inc., C1825247, Status is Active, and Agent for Service of Process is: Corporate Creations Network Inc., (C2250455), and it is the most current 1505 Certificate address: 6600 North Military Trail, Boca Raton FL 33496, and entitly mailing address is: 6600 North Military Trail Boca Raton Fl 33496.

4. Office Depot, Inc., is the Employer Liability for the Unauthorized Acts of its Employee, Alberto Castellanos as his employer Office Depot, Inc., is vicariously liable for the negligence for its employees, but moreover as his employer Office Depot, Inc., is liable for the Defendant, Alberto Castellanos' wrongful acts of committing Assault and Battery on the Plaintiff, Sylvia Santos, as follows:

5. On September 09, 2017, at approximately 6:22 p.m., the Defendant, Alberto Castellanos Physically Battered the Plaintiff by grabbing the Plaintiff while her back was turned away guarding her Original documents, as well as the copies issue with the Defendant intentionally was refusing to process

2

the payment, while her documents were inside the Office Depot's basket, and she was standing outside the Office Depot's front door located upstairs facing the parking lot, on the second floor, and for the purpose of description of the location, the Plaintiff had over one thousand and five hundred plus of documents weighing very heavy weight, possibly over 100 pounds inside a shopping cart, and she was standing momentarily looking around intending to find another customer, preferably a 'male' who would help at least be a witness in front of the cashier, the Defendant; however, and in doing so, the Defendant Assaulted the Plaintiff from behind her, while she was not facing the Suspect and he caused the aggravated physical injuries, Battery against the Plaintiff when he grabbed the Victim by both arms, wrists, and fingers, twisting them, squeezing them, hurting the Plaintiff on her shoulders, and neck, pushing her by using his left elbow on her chest and abdomen, and hitting her upper neck in the front area, and then violently pushing the shopping cart on her abdomen and chest area. The Plaintiff had immediate reddened swelling witnessed by the SDPO, Officer Charlet, and there is supporting tangible evidence witnessed by the Kaiser Hospital Emergency room, and also there is evidence following the emergency room, bruises surfacing the day after and there is Medical documentation of evidence by the Plaintiff's Primary Care Physician seeing not only the bruises, but also seeing limited and painful movements consequent to reporting the Battery and Assault at the Office Depot, Inc. location on 9/9/17, despite the Defendant denying he did not touch the Plaintiff.   There is also video photo from the business' own cameras, and were intentionally barring to disclose of the evidence, including the

3

Defendant and the SDPD two Caucasian Police Officers who were laughing and talking with each other as if the Defendant and the two Officers were fraternal buddies.

6. Prior the Defendant committed the Battery on the Plaintiff, Sylvia Santos, the Defendant was intentionally refusing to change the Plaintiff's bank payment card from debit to credit as it required, and only the Defendant had access to changing the card as many years I have paid for copies and merchandise in the same two cashier registers, it is in the cashier employee's hands to make the switch from its own register, and the customer has no access to doing so.

7. Additionally, After the Plaintiff was exhausted asking the Defendant Alberto Castellanos to switch the card from debit to credit and he was unresponsive and not making the effort to try, except once when the other cashier was watching him and the other customers were watching, he pretended that he had done it, but in reality he did not do the transaction, based on evidence obtained by the Navy Federal Credit Union, (NFCU) providing me information verbally, as well as in writing confirming that had Office Depot, Inc., even attempted to process the card it would have shown in their system that he attempted; however, the Defendant never attempted to process the Plaintiff's payment.

8. The Defendant's behavior was very terrifying, based on his facial expression being extremely angry as having severe Hatred on his demeanor with the Plaintiff, as well as one of his only response was that the card was being rejected, and his tone was as conclusion and controlling violent tone on his voice; which is when the Plaintiff reached to read the machine was

4

asking to choose debit or credit, but the Defendant was clearly refusing to respond, and his facial demeanor appeared not just intimidatingly violent but he also appeared that he was in a quiet zone of zombies ready to attack, and honestly, I did not know then why, until I later reenacted my visit to the Office Depot, Inc., that it may have something to do with it, but I never knew why the Defendant was in that mode of violent anger refusing to provide me a service.

9.   The Plaintiff, was in fear of her life based on the Defendant's frightening and violent behavior refusing to accept my payment and releasing me to leave the store, because the Plaintiff was also being held to remain inside Office Depot with her original documents and the copies they had copied for and also, she was dealing with a very awkward and frightening situation.

10.  Therefore, the Plaintiff called 911 the first time to have an Officer do a public service and help getting my property, original documents and my copies by seeing that the Defendant process the payment card since he was unresponsive in doing so, and the Plaintiff felt that the Defendant's behavior was intimidating and holding her documents 'Hostage', as she told the SDPD Dispatcher; however, the Dispatcher refused to send an officer to assist responding to the Plaintiff that, "that was not an emergency".

11.  The Plaintiff was feeling very powerless first, because the Defendant was trying to intimidate her and she felt frightened; second because the Defendant was not responding to process her payment card by switching the debit to credit and get it done and over with.  As well, as the Plaintiff was feeling very powerless because she called 911 and asked for a service from the SDPD to help the awkward and frightening situation by the

Defendant's violent demeanor and his refusal to accept my payment but holding me in the store aggravating the Plaintiff from not getting her original documents with the copies she was trying to pay for by the Defendant's refusal to process the payment by only switching the commands of the machine.

12.   When the Plaintiff stepped out the front door of Office Depot, Inc.'s business, she was still in their property, and standing in the second floor facing many stairs facing the parking lot, and there is no excuse for any competent person to see that there is no way that any female, and of 66 years of age, would be leaving without paying when the shopping cart was filled with multiple sets of over one thousand five hundred plus documents while the location was in the second level and when there are multiple stairs and across facing there was the parking lot; However, The Defendant, Alberto Castellanos never said a word nor did he give the Plaintiff any warning that he was going take away the shopping cart carrying the Plaintiff's original documents nor the copies she had been held for over several minutes by the Defendant's refusal to process the payment from the Plaintiff.

13.   Rather, even if the Defendant, had he had, any little bit of common sense at the very least, despite that he did not have any common sense at all, because he had another 'motive' he was planning to 'act' with malice, and to injure the Plaintiff, the Assault began inside the Office Depot, Inc. store prior he acted on his malice to commit battery.   And any other person, or Manager of any Office Depot, Inc., or any other major corporation who had employees working for them and waiting on the customers, would have

provided proper training rather than, not carefully doing a background
check of his past because the Defendant never acted as any common sense
of processing the payment card, following protocol and change the debit to
credit and obtain the payment for their copy services, and the Plaintiff
would have left the store without any injuries as she was exposed to
serious bodily injuries by the Defendant, Alberto Castellanos acted with
malice and with the intent to commit Assault and Battery on the Plaintiff at
all times.   The question the Plaintiff asked herself, was why?

14.   The Plaintiff did not provoked, harassed, or caused any disturbance at the
Office Depot, Inc., as she has always has stated the truth, despite the fact
that the SDPD had refused to send assistance to the Plaintiff when she
called 911, and also when the Plaintiff requested for Release of Documents
to the SDPD, they claim they cannot find that call, and she was given many
run arounds about where to go locate the information, and all those other
places where the Plaintiff requested the release of that information call on
9/9/17, all those agencies directed me back to the SDPD, and they refuse to
locate that public information.   However, the Plaintiff obtained a
document from the service provider of the Plaintiff's calls made to 911
which the calls were sent to the SDPD, it depicts the date, the time the calls
were made, and the length of the calls, that serves as evidence and shows
that SDPD is refusing to provide the public record information it was
requested regardless of their excuse stating they cannot find it.

15.   The Defendant assaulted the Plaintiff inside Office Depot, Inc., by putting
her in fear of her life based on the Defendants acts, the violent demeanor,
and the intentional and malicious refusal to provide a business to the

7

Plaintiff and not processing the payment card in order for the Defendant act on a Battery against the Plaintiff, during an opportunity the Defendant thought would allow him to execute his violent battery he committed on the Plaintiff, and at all times his intent was that the Plaintiff would be in a place where he would act on his violence to injure the Plaintiff, knowing as he stated to the SDPD, that the cameras in front of the Office Depot, Inc.'s right out front were not lit enough to see; it was the perfect opportunity for the Defendant to violently run out of the Office Depot, Inc.'s while the Plaintiff had barely reached a few steps outside front door where the Defendant intentionally acted with malice and with hatred by committing Battery against the Plaintiff, WITHOUT any warning, as any prudent store Manager would have acted, by using "Verbal" Skills and talked to the person to clarify anything that was confusing to his observation, had the Defendant actually been a prudent Manager he failed to act in a reasonable and prudent manner had any person, i.e., a man twice his size, would he have committed battery on him, or would he had use verbal skills to ask him "Sir, you have not paid, will you please go back inside the store and pay and then, I will give you the merchandise; but the Defendant's actions were strategized to batter the Plaintiff, and all the elements from the Manager refusing to process the payment card, the anger in his tone of voice, the refusal to respond the times asked to switch the debit to credit multiple times, and the act of the physically grabbing and squeezing and punching her in the chest and abdomen with his elbow causing the Plaintiff multiple injuries that have not yet recovered, supports that the Defendant acted with malice, with hatred and cruelty, and with the intent to cause injuries.

8

actually walked out without paying as he strategized that he would have that defense, and tell the SDPD, his fraudulent defense, and had he actually been truthful and told the SDPD the whole truth, as the Plaintiff did, then, the SDPD Police Report would have stated more evidence, and it would have done a blood test on the Defendant as the Plaintiff (Victim) requested it, but it was denied, by a statement that No, because the Suspect did sounded fine, about what he had been refusing to process the payment and batter the Plaintiff from behind without giving the Plaintiff an opportunity to use any type of defending herself from being injured by a man twice her size, being 66 years of age, considered an elder person, and by having previous physical limitations as well as having been diagnosed with acute Arthritis of the right two fingers, causing the pain and the new injuries cause excruciating pain. The Plaintiff was in fear that he would physically hurt her inside the store based on his aggressive and violent behavior and by his refusal to provide a service and do the payment transaction since he had the 'sole' control of making the switch of the debit to credit in his register, and not the Plaintiff.

16. The Plaintiff sustained multiple physical injuries to both arms, right elbow, wrists, both hands and fingers, neck chest area, shoulders, upper and mid chest and abdomen, and back. Most of the visible areas at the time the SDPD Officer J. Charlot, # 7552, took pictures after Victim showing vast areas of reddened swelling in body, and the Plaintiff also took her own visible pictures of the reddened areas in her body that were more evident while waiting for the SDPD to arrive to the scene.

9

17. The Plaintiff's injuries in the emergency room were reddened areas, but the pain was more evident all over the body and chest and abdomen. There were more visible bruises by the following day on both hands and fingers, wrists, arms, and chest and abdomen areas, as well there is substantive medical care being provided by my health care providers, including Radiology tests and Physical Therapy and Occupational Therapy for the injuries sustained by the Defendant, Alberto Castellanos, an employee of Office Depot, Inc.  The Plaintiff's age during the Battery was 66 years old, and due to a history of having had prior medical conditions and physical limitations, the Defendant's aggressiveness and hatefulness intentional acts of committing Battery, complicated flare-ups which were not a problem before the commission of the battery, violated the wellbeing, the health, the safety, the civil rights as a citizen of the State of California and as a customer in a private business, Office Depot, and in violation of the Ralph's Act as he acted with intent to cause fear and physical pain with hatred, with malice, with intent to intimidate and intent to cause physical injuries and not to provide a service to the public in violation of the Ralphs Act, under CCC Section 51.7; and 52.

18. There is concrete evidence the Defendant intended to commit an assault of battery and he acted by committing the battery against the Plaintiff, Sylvia Santos, a.k.a.: the Victim.

19. The Defendant, Alberto Castellanos never intended to accept the Plaintiff's credit payment for the copy services, because he was intending to act on his violence intent to commit battery: First, he had the intent to cause fear of battery, and then he acted on his intent by committing the battery itself.

As well, the Defendant, Alberto Castellanos was refusing for several minutes to process the card to charge for the services for the copy of Plaintiff's original documents from bank institution, because the NAVY FEDERAL CREDIT UNION statements after speaking with them supported that the Defendants, Office Depot, Inc., never attempted to process getting payment with the debit and credit card at all; thus the Defendant's aggressiveness and violent refusal to process the card was Office Depot's own doing by their employee, Alberto Castellanos intentional acts not to provide a service and collect payment is the element of his intent of causing fear and control that the Defendant was preparing to act offensively to cause a battery on the Plaintiff because of Office Depot, Inc.'s employee, the Defendant Alberto Castellanos' intentional and malicious and with hateful acts supported his intentions to cause injuries by committing the battery to the Plaintiff by refusing to collect payment and then lying to the SDPD about the cameras were not working properly to see anything and by SDPD refusing to safe keep the cameras requested by the Plaintiff only helped Office Depot, Inc., when the two SDPD Caucasian Police Officers were laughing with the Defendant, Alberto Castellanos, as well they were having conversations as if they were helping him what they were going to strategize, based on their behavior of befriending and laughing with the Defendant, and not taking the Battery and (Victim), the Plaintiff serious.

20. In the State of California, an employer is 'Vicariously' liable for the negligent and wrongful acts of its employees that are committed within the scope of employment, and Alberto Castellanos, was in same type of employee uniform as was the cashier standing next to the register where

the Defendant called the Plaintiff to approach his register and took control of the Plaintiff's bank card.

21. **[California Civil Code Section 2338]: "A Principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for this willful omission to fulfill the obligations of the principal."** In *Carr vs. Wm. C. Crowell Co.* (1946) 28 Cal.2d 652, 654, "...An employer is liable for willful and malicious torts of his/her employee committed in the scope of the employment."

22. The Defendant, Alberto Castellanos, an employee, and Manager of Office Depot, Inc., acted with intent and malice to cause fear to the Plaintiff on 09/09/2017, at the Office Depot, Inc., located at 825 W. E Street, San Diego, CA. 92101, and he acted with the intent to cause fear by his violent acts including his hostile and violent verbal tone and violent anger on his facial expression and by hatefully refusing with further 'silence' after he stated that the card was not accepted. The Plaintiff noticed that the Defendant was not trying to process her bank card and she noticed the machine prompt was asking to change select mode of payment and 'only' the Defendant had the option on his register to change it, but not the Plaintiff. The Defendant was still refusing to make the intent to change the debit to credit, and the Plaintiff noticed the Defendant's frightening look on his face full of anger and hatred, by refusing to fulfill his obligation to process the payment process to complete a transaction for payment for copies made of the Plaintiff's original legal documents that she was going to be filing with the Court of Appeals.

23. The Suspect/Defendant Alberto Castellanos should have known that committing Battery he would be causing bodily injury and Battery is a Felony. As well, Office Depot, Inc., has the fiduciary duty to act with the utmost care in doing a background check on hiring people who do not have a history of violence, a violent behavior, and that the law is followed when interacting with the public; evidently, Office Depot, Inc., made a mistake by hiring the Defendant, Alberto Castellanos and giving him the duty as a Manager when the Defendant's offensiveness and criminally acts caused a long time loyal customer Battery and caused an hateful assault against the Plaintiff when refusing to provide a service to her. As well, Office Depot, Inc., was made aware of the Defendant's committing Battery and the refusal of providing a service to the Plaintiff, as well as the Plaintiff provided Office Depot Risk Management with very specific details and informing that their own video cameras of the incident from the beginning to the end would actually show specific details of all the facts; and rather than owning the responsibility of its employee's malice, intent to commit the assault and battery, and acting on the battery, Office Depot, Inc., has not taken responsibility when they have the video cameras that everything the Plaintiff is saying is true. Office Depot, Inc., stopped communicating

24. When the Plaintiff was assaulted and battered, she was not facing the Defendant because her back was not facing him, the Plaintiff was just standing looking for another customer to come to her assistance since she was being harassed and being intimidated by the Defendant for a very long time, and the Plaintiff was in fear of the Defendant's intimidating and violent behaviors and she called 911 prior being battered. The Plaintiff did

not expect to be battered being grabbed from behind, since she was facing several feet away from the Defendant since the Plaintiff was just standing out the front door of the Office Depot for about a few seconds.   The Defendant's story is fabricated and fraudulent as well as it is not justified giving his defense by falsely alleging that the Plaintiff was going to steal the documents by not paying, when in fact, he lied about not wanting to process the Plaintiff's bank card issue that he was not trying to process the card changing the card from debit to credit.   And furthermore, the Defendant never warned the Plaintiff and not even whispered a word when he cowardly sneaked from behind, and opportunist waiting for his opportunity to grab her from behind assaulting her and committing Battery on the Plaintiff, and she was unable to go anywhere, in the first place since she was on the second level facing many stairs leading to the parking lot and especially because the documents clearly were inside the shopping cart weighing approximately over 100 pounds and over 1,500 + documents, certainly the Plaintiff was not going anywhere without paying; the Plaintiff has lifting limitations up to 20 pounds.   And, the Defendant knew that the Plaintiff was not leaving, based on the fact of being standing on the upper level facing many stairs and the content of the weight of the documents inside the shopping cart.

25. Office Depot, Inc., is the Defendant, Alberto Castellanos' employer, and Office Depot, Inc. is vicariously liable for its employee, Alberto Castellanos, wrongful acts, and who acted with intent and with malice to assault the Plaintiff, Sylvia Santos, by instilling fear and committing battery on the Plaintiff, Sylvia Santos, on 09/09/2017 as well as for refusing to provide a

14

service with the intent to commit Battery and by causing multiple physical injuries to the Plaintiff.   Under California Civil Code Section 2338, Office Depot, Inc., the principal is responsible to third parties for wrongful acts committed by such agent in and as part of the transaction of the business and for the Defendant, Therefore, Office Depot, Inc., is vicarious liable for Alberto Castellanos' wrongful acts, by his intentional and malicious Assaulting acts  and to intimidate by causing fear and by causing intentional Battery, in and as part of the transaction of such business, and for his willful malicious intentional omission to fulfill the obligations of the principal, when he was the Manager for Office Depot, Inc., the Vicarious Liability is the said <u>First Cause of Action.</u>

## II

## SECOND CAUSE OF ACTION

## AGGRAVATED ASSSAULT – PC SECTION 245; BATTERY-MODERN PENAL CODE SECTION 211.2

26. The Second Cause of Action for Aggravated Assault and Battery is incorporated from paragraph 1 through paragraph 26 above by reference.

27. Aggravated Assault, PC Section 245 – may also be levied against an individual if the assault was committed with a firearm, "or" a deadly weapon of another sort, as is any crime that involves the attempt to murder, rob, kill, "or" dangerous weapon is considered aggravated assault in all jurisdictions.   For the purpose of dangerous weapon, the Defendant used my shopping cart to inflict a forceful blow on the Plaintiff's chest and abdomen area, and he used his elbow to elbow another blow on the

Plaintiff's same chest and abdomen area causing severe internal bleeding
and bruising and pain, as well the Defendant's heavy weight and stature,
weighing approximately 250 pounds and having very wide and muscular
strength using it to batter by hitting blows on the Plaintiff's body, squeezing
severely harshly on the Plaintiff's arms, wrists, hands fingers, causing pain,
impairment of use of her limbs and causing her back to flare up due to
multiple herniated disks that got inflamed and causing pain and limitations
to movement.

28. Aggravated Assault and Battery all involve intentional harm inflicted on
one person by another.  Any crime involving a physical attack or even the
threat of an attack, is usually classified as an assault, a battery or both.
But, for the purpose of the Defendant cause of intentional harming the
Plaintiff, the Plaintiff witnessed the Defendant's demeanor and behavior
was intimidating that he was acting as a threat to commit a battery, which
it is an assault of intimidation to commit battery, and the Plaintiff called
911, and she spoke to SDPD Dispatcher for almost two minutes.  Although,
the SDPD Communications does not have record of the first call the Plaintiff
made to report the Defendant's intimidating behavior and his anger
disposition as well as refusing to change the payment card from debit to
credit to complete the payment transaction, the Plaintiff does have the
tangible document as evidence that she did in fact have the
communications with the SDPD Dispatcher.

29. Furthermore, in Aggravated Assault and Battery in California, is a "serious
bodily injury any serious impairment of physical condition, such as a broken
bone, a concussion, and other depending on how serious the physical

impairment was the result.   The Defendant, Alberto Castellanos used malice and intent when he refused to provide a service to the Plaintiff Sylvia Santos on 09/09/2017, after the Plaintiff provided him the bank card to pay for the copy service of her original documents she needed to serve that evening, by never processing the payment method through the Navy Federal Credit Union, the Plaintiff's bank, and the Defendant intentionally was instilling fear on the Plaintiff by using various means of violent behaviors against her when violently refusing to respond to process the payment card for a very long time of standing as the Defendant had a very violent demeanor on his facial expressions, as well as his violent tone when talking to the Plaintiff, and his refusal to provide a service by accepting the payment for their copy service, only to act with intent and malice to assault and batter the Plaintiff.   Plaintiff has suffered multiple bodily injuries as a result of the Battery.

30.   The Plaintiff has ongoing doctor appointments receiving medical care and physical and occupational therapy consequent to the multiple body areas that the Defendant physically injured the Plaintiff causing the body injuries. Prior the battery caused by the Defendant, the Plaintiff was working and was well fit especially after she completed her Security Officer Academy and she obtained many licenses, being qualified to carry a firearm, 38 caliber and 9 mm, and trained and licensed as well for the use of baton, stun gun, CPR and First Aid, etc....   The Plaintiff had just been hired as a Security Officer in La Jolla doing multiple jobs in five different sky risers and it required to walk 8 hours a day, and use several radio for communication and documentation and dealing with high numbers of the public without

any type of limitations to that job description. After that battery, my same Physician provider and other specialists, including the Occupational Therapists, and Physical Therapists had started all over again the need to treat me for injuries that they had previously helped me heal and to train for the work that I was doing, since I had to return back to work with painful injuries the Defendant caused me, and painful bruises. As well, the walking was complicated by the Defendant causing the back injuries, I am right hand dominant and I had been diagnosed with Arthritis on the two fingers on my right hand, prior the Defendant battered the Plaintiff. Despite that I was diagnosed with acute arthritis of my right two fingers on my hand, I was not limited to function prior the battery by the Defendant; however, I have been limited to function with the entire right arm, shoulder, elbow, wrist, hand and fingers by the severe aggressive battery caused by the Defendant, Alberto Castellanos, and my right arm and wrist and hand are increasingly more painful and more impaired the elbow feels dislocated, the entire arm from shoulder down to my fingers feels very painful with movement and lifting any little bit of weight, and I am being treated by the same Occupational Therapists who had helped me heal in the past prior the Defendant injured me.

31. Therefore, the employer, Office Depot, Inc., is vicariously liable for its employee, Alberto Castellanos, wrongful acts and the Defendant's intentional malice and intentional act to cause injury on the Plaintiff, the Aggravated Assault PC Section 245 and Battery – Modern Penal Code Section 211.2, committed on the Plaintiff causing the Plaintiff, Sylvia Santos

physical injuries and impairments and aggravated pain is the said, <u>Second Cause of Action.</u>

## III

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE RALPH ACT**
**CCC SECTION 51.7, 52**

32.   The Third Cause of Action for Violation of the Ralph Act, CCC Section 51.7 52, is incorporated from paragraph 1 through 32 above by reference.

33.   The Defendant, Alberto Castellanos, an employee and Manager of Office Depot, Inc., committed a violation of Aggravated Assault and Battery on 09/09/2017, to the Plaintiff, Sylvia Santos, with the intent, malice and hatefulness in refusal to provide a service to the Plaintiff, and he caused bodily injuries in violation of CCC Section 51.7, 52.   Office Depot, Inc., and in the State of California, an employer is vicariously liable for the negligent and the wrongful acts of its employees that are committed within the scope of employment.

34.   Alberto Castellanos, is or was an employee of Office Depot, Inc. on the date of 09/09/2017, the evening when the Defendant committed the Battery against the Plaintiff, with the intent to cause serious and harmful injuries, and consequent to the Defendant's hatred in his demeanor, and his actions of having a duty to serve the general public, he discriminated upon the Plaintiff for unknown reasons and committed the Battery against the Victim.

35.  The Defendant's hateful acts and with malice the Defendant, Alberto Castellanos committed battery against the Plaintiff which is considered a wrongful act and Office Depot, Inc., is vicariously liable for the Defendant in violation of the Ralph's Act is the said Third Cause of Action..

## IV
## FOURTH CAUSE OF ACTION
## DEFAMATION

36.  The Fourth Cause of Action is for violation of Defamation, and is incorporated from paragraph 1 through 36 above by reference.

37.  Libel and Slander are intentional torts, the Defendant Alberto Castellanos intentionally intended to cause permanent harm against the Plaintiff when he wrongfully, maliciously and intentionally acted with disregard to tell the truth that he was refusing to process the Plaintiff's payment card to pay for the copies the business, Office Depot, Inc., made for her, knowingly that he had a motive to commit Battery against the Plaintiff.   Defamation is an invasion of the interest of reputation.   The Defendant was well aware that he acted with malice, and with hatred when he wrongfully assaulted the Plaintiff for several minutes when he was intentionally refusing to provide the service, waiting for an opportunity to act on his strategy, when all the elements of his intent were already evident, and the SDPD had already been called one time before and the SDPD did not assist the Plaintiff during the difficulties she was experiencing with the Defendant refusing to process the payment card and changing it from debit to credit.

38. CCC Section 44, Section 45, and Section 46, a publication that is false and defamatory and unprivileged and that has a natural tendency to injure or that causes a special damage, defines the legal elements of the defamation that the Defendant, Alberto Castellanos caused the Plaintiff the damages when he intentionally refused to provide a service, and he acted with malice and with intent to commit an assault and a battery, and after he acted on the intentional battery, the Defendant continued to act with malice and to provide a blatant untrue, FALSE statement as a strategy he orchestrated with the intent to defame the Plaintiff of justice and with the intent to defame the Plaintiff to cover up for the battery for the SDPD and for the City Attorney to properly investigate a Crime of Battery that the Defendant caused the Plaintiff to suffer injuries. [CC Section 45] defines Libel and Slander. Libel includes the more permanent forms of defamatory matter; in California, it consists of a "writing, printing, picture, effigy, or other fixed representation to the eye."   And Slander is the more transitory form, generally restricted to "oral" statements and gestures.   [CC Section 45] defines Libel as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes her to be shunned or avoided, or which has a tendency to injure person".

39. Under the general common law rule: All Libel is Actionable without Proof of Special Damage.   Libel is more permanent in form, and is considered more serious and harmful.   If the matter is defamatory, and is in written or any other permanent form so as to amount to a libel, it is considered

actionable per se; i.e., injury is presumed to follow from the act, and the Plaintiff is not required to plead or prove special damages. The Plaintiff is always entitled, in the absence of a good defense, to a judgment for at least the nominal damages, to expose the false charges and vindicate her reputation. 5 Witkin, Summary of Cal.Law (10th ed. 2005) Torts, § 540, pp. 793-794. The Defendant, Alberto Castellanos committed Libel against the Plaintiff when he made intentional and malicious fraudulent statements to SDPD Police Officer during an investigation to cover up for the intentional and malicious and hateful acts of assaulting and committing battery against the Plaintiff, and falsely alleging that the Plaintiff committed a theft, when he knowingly and intentionally had assaulted the Plaintiff and he had intentionally committed a battery against the Plaintiff, after he intentionally refused to process the Plaintiff's bank card when only he, the Defendant had the option to switching the payment card from 'debit' to 'credit' in order to properly process the payment for the copy service of the Plaintiff's original documents which were in the high numbers of over 1,500 + documents which were inside a shopping cart weighing at approximately 100 pounds, and the Plaintiff had already called 911 twice, once during the first assault acting with malice and with hateful violent behavior placing the Plaintiff in "fear" and feeling very "intimidated" by the Defendant's hateful acts and refusing to provide a service in violation of the Ralph's Act, thus the Plaintiff was exhausted in asking the Defendant to switch the card to credit and he never processed the payment, supported by the Plaintiff's NAVY FEDERAL CREDIT UNION, (NFCU), the Plaintiff's bank, since they provided written evidence to show that the Defendant never once

attempted to process the payment; and for being the Manager that evening, it just does not match, and all the elements to support that the Defendant acted with the intent to commit Battery and all the supporting Exhibits attached herein by reference, supports that the Defendant committed additional violations, to defraud justice.  Consequent to the Defendant's wrongful defamation, a tort of false statement that is defamatory, and unprivileged has caused the Plaintiff several consequences of injuries as follows: The Plaintiff was injured by the SDPD's not documenting all the facts that was reported to them, and by the fact that based on the SDPD's responses and acts to the request by the Plaintiff to the Officer to safe guard the photo camera video for evidence for the Plaintiff to prove the facts, but the SDPD Officer's failed to safe guard the evidence, which either by now the video may have gotten tampered with by the Defendant, as he informed the Officers that the video cameras were not working very well, and the SDPD Police Officers took the Defendant's word and failed to safekeeping the evidence of extremely valuable evidence, the video cameras, placed indoors and outdoors in the front door of the business where the Defendant's nature of not helping the Plaintiff to process the payment card and the long time the Plaintiff had been abused by the Defendant would be evidence in the video camera indoors, as well as the out front door where the Defendant assaulted the Plaintiff from behind without being able for the Plaintiff to prevent when the Defendant committed the Battery injuring the Plaintiff and that is what the Defendant's Defamation has injured the Plaintiff by not obtaining the justice as a Victim of Battery go before a Court of Law to bring

accountability to the Defendant's malice and intentional acts to commit the Battery and for the Plaintiff to express her fear, her pain, her feelings of being violated by this very large and strong man who took advantage of the vulnerability and the size of the Plaintiff when grabbed from the back by the Defendant has caused the Plaintiff multiple physical injuries, but also additionally the Defendant has also caused the Plaintiff to lose trust in Office Depot, Inc. and she has tremendous anger on the Defendant for violating the Plaintiff of a safety right to be in public, or go do any type of business, since he has caused the Plaintiff to act defensive at times when Hispanic men and women are in a position of providing a business and their actions are not very professionally, it causes the Plaintiff to feel fear that she cannot be safe to complete doing business and she has to leave the environment.   It has left the Plaintiff with unresolved emotions of how the justice has failed the Plaintiff to seek the justice that the Defendant needs to be accountable for committing Battery and many other violations he caused the Plaintiff and the Defendant's employer, Office Depot, Inc., is vicariously liable for the Defendant on 09/09/2017 Battery.  The Defendant falsely alleged fraudulent information without supporting it and defamed the Plaintiff when alleging the false statement that the Plaintiff had left the store without paying is also fraudulently reported by the Defendant when he knew that he saw the Plaintiff only stand for a few seconds safe keeping the shopping cart from her original documents not being tampered by the Defendant while she just stepped out the front door in the second level, not going anywhere since there was no access to take a shopping cart containing over 1,500 + documents in bundles and too heavy for carrying

them going down the stairs since common sense would not allow any person to walk a heavy shopping cart down the stairs.    and the employer, Office Depot, Inc., is vicariously liable for Alberto Castellanos' intentional and wrongful acts, assault and the battery, the vicarious liability, and the defamation caused against the Plaintiff, Sylvia Santos on the date of 09/09/2017 in violation of Defamation is the said Fourth Cause of Action.

40.  Request for Relief:

WHEREFORE, the Plaintiff, Sylvia Santos hereby respectfully requests for relief that which is reasonable, at $50,000 for each Cause of Action, in the total amount of $200.000., by proof of the case, or in the Court's own discretion or by jury trial decision if it goes to jury trial.  Paragraph 1 through 40 is incorporated above by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on March 7, 2018

Sylvia Santos - Plaintiff

**VERIFICATION**

I, Sylvia Santos, the Plaintiff, declare and verify that the information in this Verified Complaint was prepared by me and that the content of the written complaint is true and correct to the best of my knowledge.

Dated: March 7, 2018

Sylvia Santos – Plaintiff