UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SANTOS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 18cv506-LAB (MDD)<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

**IFP Motion**

　　Plaintiff Sylvia Santos, proceeding *pro se* filed a complaint along with a motion to proceed *in forma pauperis* ("IFP").

　　The IFP motion is incomplete and inaccurate. For example, it says that for the past 12 months, Santos has had no income except for social security. But it also says she was employed by two security companies during mid to late 2017 for which she earned $12 to $12.50 per hour. The information she provided suggests she is living in a house, but her IFP motion says she does not own a home and has no rent expenses. Some information in the motion suggests that a family member may be paying some of her expenses. If this is so, and if housing is being provided free of charge to her, she should explain this, giving details.

1

The Court is bound to raise jurisdictional issues *sua sponte*, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). The complaint is required to include a "short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8. Santos has the burden of establishing jurisdiction. *See Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778–779 (9th Cir. 2000).

Assuming Santos submits a new IFP motion and that motion is granted, the Court will be required to screen her complaint, and to dismiss it to the extent it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2). Because the complaint is being dismissed for failure to invoke the Court's jurisdiction, the Court will also conduct an initial screening, in order to save time should Santos refile her complaint. *See* Fed. R. Civ. P. 1.

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* pleadings in civil rights cases liberally, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), but will not supply facts a plaintiff has not pleaded. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). The pleading standard is governed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard doesn't allow a plaintiff to plead mere "labels and conclusions;" rather, she must allege facts sufficient to raise her "right to relief above the speculative level." *Twombly* at 555.

**Jurisdiction**

Santos' claims arise under California state law, and she appears to rely on diversity as the basis for the Court's jurisdiction. While she alleges that she is a

2
18cv506-LAB (MDD)

California citizen (Compl., ¶ 1), she has not alleged Defendant Office Depot's citizenship. (*Id.* ¶ 3.) A corporation is a citizen both of its state of incorporation and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), but Santos has not alleged either one. She has also named the manager, Alberto Castellanos, as a Defendant, though he was not identified as such in the caption.[1] (*Id.*, ¶ 2.) Castellanos' citizenship is not alleged.

Santos seeks $200,000 in damages, explaining that she asks $50,000 for each cause of action. (*Id.*, ¶ 40.) But, as discussed below, it does not appear she has adequately pled the amount in controversy required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction requires, among other things, an amount in controversy exceeding $75,000).

**Discussion of Pleadings**

Santos alleges that on September 9, 2017, she had a shopping cart full of about 100 pounds of photocopies she had made, and was trying to pay. She offered a debit card but asked that it be processed as a credit card. Castellanos, she says, refused to do that. Then, she alleges, he grabbed her from behind, squeezed and twisted her arms, wrists, and fingers, and rammed her with the shopping cart. (Compl., ¶ 5.) She later alleges that he punched her in the chest and abdomen with his elbow, and hit her multiple times. (*Id.*, ¶¶ 15, 27.) She alleges she was terrified by a look of hatred on Castellanos' face, by his refusal to accept payment, and by his refusal to let her leave the store with the photocopies. (*Id.*, ¶ 8–9.) Santos alleges she has not yet recovered from her injuries, and that

///

---

[1] Under Fed. R. Civ. P. 10(a), <u>all</u> Defendants must be named in the caption of the complaint. Santos' complaint names the Defendants as Office Depot, Inc. and Does 1–100, followed by "et al." as if to suggest there are others. The body of the complaint, however, repeatedly refers to Castellanos as a Defendant.

they cause her excruciating pain. (*Id.*, ¶ 15.) She describes the injuries as extensive. (*Id.*, ¶ 15–17.)

For reasons she does not explain, Santos was not focused on her injuries or pain, and did not immediately ask for medical help. Instead, her complaint is that Castellanos would not process her payment and would not give her the photocopies. She says she called police because she wanted help reclaiming her photocopies. (*Id.*, ¶ 10.) When she told the 911 operator she needed help because Castellanos was 'holding her documents 'Hostage'," the operator refused to send an officer, saying this was not an emergency. (*Id.*) For reasons that she does not explain police arrived anyway. One officer took pictures of her injuries, and she also went to the emergency room. (Compl., ¶ 16–17.)

Santos also attaches a police report summarizing what she told the police about the incident. This summary fills in gaps in her factual allegations, and provides some clarity about what her allegations mean.

> Today at about 1828 hours, I was trying to pay for $158.18 worth of printed documents I needed to mail to the court. The card machine was processing my credit card as a debit card instead of a credit card. I asked the manager. I asked the manager of the store to help me. The manager could not get the machine working.
>
> I was frustrated so I went outside to call the police. I went back inside and told CASTELLANOS to write me up an I.O.U. for the Office Depot. I then took my cart of unpaid merchandise and went out the front door. When I exited with my unpaid merchandise, CASTELLANOS grabbed my arms from behind with both his hands. The grab caused my shopping cart to thrust into my stomach. I am feeling pain on my right arm and right hip.
>
> I began to cry from the incident. I called the police again. It's not my fault the manager can't work the credit card machine. I want a report taken for this incident.

/ / /

/ / /

4

(Compl., Ex. 8 (Docket no. 1-2 at 17.) Santos does not appear to dispute any of this, but seems to rely on it as supporting her claim.[2]

Santos also says she has had a history of prior medical conditions, including arthritis in her right hand and multiple herniated discs, and that the battery caused "complicated flare-ups which were not a problem before the commission of the battery." (Compl., ¶¶ 15,17, 27, 30.) She alleges that Castellanos' attack caused her injuries which made her unable to do certain security work she had just been hired to do. (*Id.*, ¶ 30.) In her IFP motion, she says that she suffered severe injuries when working for her former employer, Allied Universal Security (where she was employed from August 31, 2017 to September 21, 2017 and again on October 26, 2017). (Docket no. 2, ¶¶ 2, 11.) Specifically, she says she suffered "major head injury symptoms, i.e., bleeding on left eye, acute headaches, unable to sleep; dizziness, nausea, which have improved 75% . . . .") (*Id.* ¶ 11.)[3]

Santos attaches a letter stating she has been declared a vexatious litigant by the Superior Court of California. In the letter, she mentions being assaulted at work by an employee of another company. (Compl., Ex. 12 (Docket no. 1-3).)

Santos seeks to hold Office Depot liable under a vicarious liability theory. (Compl., ¶ 4.) She also argues that Office Depot has a duty not to hire people with a history of violent behavior (*Id.*, ¶ 23), suggesting a negligent hiring theory. But

---

[2] When ruling on a motion to dismiss, the Court may consider documents attached to the complaint, as well as documents a plaintiff relies on. *See Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Even though the Court looked at this exhibit to try to figure out what Santos meant, attaching an exhibit is not a substitute for alleging facts. Plaintiffs are required to allege facts in the body of the complaint. Attaching exhibits in the hope that the Court or Defendants will read them and piece things together is not an adequate substitute.

[3] The motion says Allied admitted the injuries were its own fault, but has failed to pay Santos since September 21, 2017.

she does not allege Castellanos had any history of violent behavior, nor any other facts that plausibly suggest negligent hiring. Rather, she appears to be suggesting that Castellanos' history of violence consists of the assault she is suing over.

Santos seeks $50,000 for each of four claims: "vicarious liability" against Office Depot; aggravated assault and battery; violation of California's Ralph Act, Civil Code §§ 51.7 and 52; and defamation.

The complaint does not plead facts to support a claim of defamation or negligent hiring. Nor does she plead facts plausibly suggesting that either Defendant is liable under the Ralph Act. The Ralph Act provides a cause of action for violence or threats of violence based on discrimination. *See Taylor v. Somerset Paramount Homeowners Ass'n*, 2017 WL 3034335, slip op. at *3 (C.D. Cal., July 10, 2017) (citing Cal. Civ. Code § 51.7). Here, Santos says she does not know why Castellanos disliked her. (*See* Compl., ¶ 8 (". . . I never knew why the Defendant was in that mode of violent anger refusing to provide me a service.").) The only motive for the attack alleged in the complaint is that Castellanos believed Santos was trying to leave the store with a shopping cart full of photocopies she had not paid for. The Ralph Act protects against violence based on a variety of characteristics listed in Cal. Civ. Code § 51(b) and (e). These characteristics include things such as race, sex, sexual orientation, religion, disability, and so on. While the list is "illustrative rather than restrictive," § 51.7(a), being suspected of shoplifting is clearly not among the protected characteristics.

Failing or refusing to process a credit card, failure to sell photocopies that a customer has made, and having a frightening or hateful expression on one's face are not actionable.

The only potentially plausible claim Santos has is for battery, which she seeks to hold both Castellanos and Office Depot liable for. But even that is not adequately pled. If Santos grabbed Santos and hitting her with a shopping cart and with his hands, he committed a battery. But the harm she says resulted from that

is not adequately pled. In some places, she refers to pre-existing conditions such as arthritis and herniated discs, which Castellanos did not cause. She also blames Castellanos for injuring her so that she could no longer work as a security guard. But in her IFP motion, she says she was unable to do security work because she was injured on the job while working for Allied Universal Security Services. She also describes herself as small, frail, elderly, and having existing physical limitations. (Compl., ¶ 15.) The nature of Castellanos' alleged battery also conflicts with Santos' statement to police, which she has attached to the complaint.

In short, Santos has not adequately pled the nature of the assault, or the nature, extent, and cause of her injuries. That is not to say she cannot clear up the confusion by amending. But as it now stands, this claim is too confusingly pled to give Defendants fair notice.

Battery is the only claim that comes close to meeting the *Twombly/Iqbal* standard. Because Santos seeks $50,000 for each of the four claims, it appears this is the only amount in controversy at this point.[4] If Santos is seeking some different amount, she has not made that clear.

**Conclusion and Order**

The motion to proceed IFP is **DENIED WITHOUT PREJUDICE**. Because Santos has not shown that the Court has jurisdiction over her claims, the complaint is **DISMISSED WITHOUT PREJUDICE**.

///

---

[4] Santos' claim against Office Depot is either brought under a vicarious liability theory, or a negligent hiring theory, or both. Vicarious liability is not a separate tort, but rather is a way of holding an employer liable for an employee's tort committed within the scope of his employment. *See Diaz v. Carcamo*, 51 Cal.4th 1148, 1157 (2011). Because Santos is seeking $50,000 in damages for Castellanos' alleged battery and is naming Office Depot as vicariously liable for that tort, she is seeking to hold both Castellanos and Office Depot liable for a total of $50,000 for battery. *See id.*

Santos may reopen this case by either paying the filing fee or filing a renewed IFP motion that is complete and addresses the Court's concerns outlined above. She must also file an amended complaint showing that the Court has jurisdiction over her claims, and correcting the problems this order has identified. She must do these things by **April 4, 2018**. If she needs more time, she should file an *ex parte* motion (without obtaining a hearing date) showing good cause for the extension.

If Santos fails to do these things within the time permitted, this action will be dismissed without prejudice but without leave to amend.

**IT IS SO ORDERED**.

Dated: March 12, 2018

Hon. Larry Alan Burns
United States District Judge