UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SANTOS,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC.,<br><br>  Defendant. | Case No.: 18cv506-LAB (MDD)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On April 26, the Court dismissed Santos' complaint without leave to amend, because it was clear the Court lacked jurisdiction over her claims. The Court had previously explained diversity jurisdiction to Santos, and had told her what would be needed to establish it. (Docket no. 3 at 2:27–3:11.) After the Court granted her an extension, she filed a verified amended complaint that did not correct the jurisdictional pleading defect; to the contrary, it showed that the Court lacks jurisdiction over this case because the parties are not diverse. The Court dismissed the case without prejudice.

Santos has now submitted a motion for reconsideration, which the Court accepted by discrepancy order and construes as a motion under Fed. R. Civ. P. 60. She explains that she was not thinking clearly because she was suffering from a concussion, but is now prepared to allege jurisdictional facts.

1

The proposed amended complaint, however, still shows the parties are not diverse. Santos is suing both Office Depot and its store manager, Alberto Castellanos. She admits Castellanos resides and works in California, and she has no reason to believe he is a citizen of some other state or country. (Proposed Second Amended Complaint, ¶ 3.) Even assuming Castellanos were a citizen of some other country, under 28 U.S.C. § 1332(a)(2) he would be treated as a California citizen for purposes of diversity jurisdiction. She also speculates that he may be present in the U.S. illegally, which would provide an exception to § 1332(a)(2), but she does not allege this, and identifies no reason to believe this is so.

Santos suggests that discovery might eventually show that the parties are diverse. Even if the Court were to construe Santos' remarks as a request for early discovery to investigate whether Castellanos is living and working illegally in the U.S., the request would be denied. Santos has not established good cause for such intrusive discovery, and the standard for granting it is clearly not met here. *See Semitool, Inc. v. Tokyo Electron Am., Inc.* 208 F.R.D. 273, 275–76 (N.D. Cal. 2002); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577–78 (N.D. Cal. 1999) (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). This is particularly true here, where the case was dismissed without prejudice to its being filed in a court that could exercise jurisdiction over Santos' claims.

The motion is **DENIED**, and the Clerk is directed to close the docket.

**IT IS SO ORDERED**.

Dated: May 3, 2018

Hon. Larry Alan Burns
United States District Judge

2

18cv506-LAB (MDD)